IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicanor Perez Rodriguez, ) | C/A No. 0:13-3401-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dennis Bush, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Nicanor Perez Rodriguez ("Rodriguez"), a state prisoner who is represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 8.) Rodriguez responded in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Rodriguez's Petition denied.

**BACKGROUND**

Rodriguez was indicted in August 2007 by the State Grand Jury for trafficking in marijuana (conspiracy), two counts of trafficking marijuana, trafficking cocaine (conspiracy) (06-GS-47-09); trafficking methamphetamine (conspiracy), and trafficking methamphetamine (07-GS-47-02). (App. at 832-56, ECF No. 7-8 at 46-70.) Rodriguez was represented by James Ervin, Esquire, and on October 19-23, 2009 was tried by a jury and found guilty of all charges related to trafficking marijuana and trafficking methamphetamine, but not guilty as to the charge of trafficking cocaine. (App. at 764-65, ECF No. 7-7 at 78-79.) The circuit court sentenced Rodriguez to concurrent sentences of twenty-five years' imprisonment for trafficking methamphetamine, ten years'

imprisonment for trafficking methamphetamine (conspiracy), and ten years' imprisonment for trafficking in marijuana (conspiracy). Rodriguez was also sentenced to ten years' imprisonment for each of the two charges of trafficking in marijuana, to be served consecutively to the first three sentences, for an aggregate sentence of forty-five years' imprisonment. (App. at 771-72, ECF No. 7-7 at 85-86.) Rodriguez did not file a direct appeal.

Rodriguez filed a *pro se* application for post-conviction relief ("PCR") on June 16, 2010 in which he raised the following issues: (1) ineffective assistance of counsel in that counsel failed to preserve any issues of appeal or file a notice of appeal; and (2) that this failure denied Rodriguez due process. (Rodriguez v. State of South Carolina, 10-CP-23-4904; App. at 775-84, ECF No. 7-7 at 89-98.) The State filed a return. (App. at 785-88, ECF No. 7-7 at 99 through ECF No. 7-8 at 2.) Rodriguez, through counsel, amended his PCR application on April 26, 2011, alleging the following:

(a)     Applicant's right to effective assistance of counsel as guaranteed by the Sixth Amendment . . . was violated as a result of the failure, by both his counsel and the trial court, to inform him of his right to appeal.

(b)     Applicant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments . . . was violated when the court refused to allow Applicant to plead guilty to the charges.

(App. at 789-94, ECF No. 7-8 at 3-8.) On May 11, 2011, the PCR court held an evidentiary hearing at which Rodriguez appeared and testified and was represented by Martin Tomlinson, Esquire and Troy Tessier, Esquire. By order filed July 27, 2011, the PCR judge denied and dismissed with prejudice Rodriguez's PCR application, but found that Rodriguez was entitled to a belated direct appeal pursuant to White v. State.[1] (App. at 824-31, ECF No. 7-8 at 38-45.)

---

[1] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



In his PCR appeal, Rodriguez was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender with the South Carolina Commission of Indigent Defense, who filed a petition for a writ of certiorari that presented the following issues:

> I.   The PCR court properly ruled that petitioner did not voluntarily and intelligently waive his right to a direct appeal in the case.
>
> II.  Trial counsel erred in failing to request that the trial judge [] place on the record his reasons for refusing to accept petitioner's negotiated guilty plea per the terms outlined in the agreement reached by the solicitor and the defense in the case.

(ECF No. 7-12 at 3.)  In addition, counsel for Rodriguez filed an Anders[2] brief pursuant to White v. State that raised the following issue:

> The trial judge erred in allowing prejudicial character and prior bad act drug testimony into evidence at trial because this was used as an attempt to show the jury that appellant was predisposed to commit drug crimes and therefore probably guilty of the drug crimes for which he was on trial.

(ECF No. 7-13 at 4.)  The State filed a return to the petition for a writ of certiorari.  (ECF No. 7-15.)  By opinion filed August 14, 2013, the South Carolina Supreme Court granted certiorari as to Issue I of Rodriguez's petition (granting Rodriguez belated review of his direct appeal issue), denied Rodriguez's petition for a writ of certiorari as to Issue II, and dismissed Rodriguez's appeal after review of the record pursuant to Anders.  (Rodriguez v. State, Op. No. 2013-MO-023 (S.C. Aug. 14, 2013), ECF No. 7-16.)  The remittitur was issued on August 30, 2013.  (ECF No. 7-17.)  This action followed.

---

[2] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



**FEDERAL HABEAS ISSUE**

Rodriguez raises the following issue in his federal petition for a writ of habeas corpus:

**Ground One:** Applicant was scheduled for jury trial in the General Sessions Court in Greenville, South Carolina. The defense and Asst. Attorney General dilligently worked for a resolution and reached an oral plea agreement which would require Applicant to serve 20 years in prison. The trial judge rejected the plea agreement in chambers and off the record. The trial court did not state any reasons on the record for rejecting the plea agreement and defense counsel did not require the same. Applicant was convicted at trial and sentenced to 45 years prison.

(Pet., ECF No. 1).

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131



S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions



in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Summary Judgment Motion**

The respondent argues that Rodriguez's due process claim is procedurally barred.[3] Specifically, the respondent argues that although this claim was raised to and ruled upon by the PCR court, Rodriguez failed to raise it on appeal in his petition for a writ of certiorari to the South Carolina Supreme Court, rendering this claim procedurally defaulted. Upon review of the record, the court agrees. See Coleman, 501 U.S. at 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Rodriguez attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Accordingly, Rodriguez's claim is procedurally barred unless Rodriguez can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

---

[3] The respondent opines that it is unclear from Rodriguez's Petition if Ground One is being raised as a due process claim or as an ineffective assistance of counsel claim. (Resp.'s Mot. Summ. J. at 13 n.3, ECF No. 7 at 13.)  In his response in opposition to summary judgment, counsel for Petitioner does not appear to allege any error by trial counsel, and states that "[a]t the center of the dispute is the conduct of the court and whether the trial judge acted arbitrarily when he refused to accept the Plaintiff's guilty plea and plea agreement." (Petr.'s Resp. Opp'n Summ. J., ECF No. 19 at 6.)  Accordingly, the court interprets and addresses Rodriguez's allegation solely as a due process violation.



In response to the respondent's motion for summary judgment, Rodriguez addresses the merits of his claim, but does not address the argument that his claim is procedurally barred. Likewise, he makes no attempt to establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice.  Therefore, the court finds Rodriguez's claim to be procedurally barred from federal habeas review.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 8) be granted and Rodriguez's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 7, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).