IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicanor Perez Rodriguez, ) | C/A No. 0:13-3401-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | **SUPPLEMENTAL** |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dennis Bush, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Nicanor Perez Rodriguez, a state prisoner who is represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC following remand for a limited purpose from the United States Court of Appeals for the Fourth Circuit and referral from the assigned district judge for a Report and Recommendation. Specifically, this matter was remanded to the district court for consideration of Rodriguez's purported claim of ineffective assistance of counsel. (See ECF Nos. 30 & 34.)[1] Having carefully considered the parties' submissions and the record in this case, the court concludes that Rodriguez should not be granted a writ of habeas corpus.

## BACKGROUND

As previously summarized by the court, Rodriguez was indicted in August 2007 by the State Grand Jury for trafficking in marijuana (conspiracy), two counts of trafficking marijuana, trafficking cocaine (conspiracy) (06-GS-47-09); trafficking methamphetamine (conspiracy), and trafficking

---

[1] Although the Fourth Circuit remanded this matter back to the district court on December 18, 2014, the undersigned did not receive notice of Order until a follow-up notice was sent on March 17, 2015.



methamphetamine (07-GS-47-02).  (App. at 832-56, ECF No. 7-8 at 46-70.)  Rodriguez was represented by James Ervin, Esquire, and on October 19-23, 2009 was tried by a jury and found guilty of all charges related to trafficking marijuana and trafficking methamphetamine, but not guilty as to the charge of trafficking cocaine.  (App. at 764-65, ECF No. 7-7 at 78-79.)  The circuit court sentenced Rodriguez to concurrent sentences of twenty-five years' imprisonment for trafficking methamphetamine, ten years' imprisonment for trafficking methamphetamine (conspiracy), and ten years' imprisonment for trafficking in marijuana (conspiracy).  Rodriguez was also sentenced to ten years' imprisonment for each of the two charges of trafficking in marijuana, to be served consecutively to the first three sentences, for an aggregate sentence of forty-five years' imprisonment.  (App. at 771-72, ECF No. 7-7 at 85-86.)  Rodriguez did not file a direct appeal.

Rodriguez filed a *pro se* application for post-conviction relief ("PCR") on June 16, 2010 in which he raised the following issues:  (1) ineffective assistance of counsel in that counsel failed to preserve any issues of appeal or file a notice of appeal; and (2) that this failure denied Rodriguez due process. (Rodriguez v. State of South Carolina, 10-CP-23-4904; App. at 775-84, ECF No. 7-7 at 89-98.)  The State filed a return.  (App. at 785-88, ECF No. 7-7 at 99 through ECF No. 7-8 at 2.)  Rodriguez, through counsel, amended his PCR application on April 26, 2011, alleging the following:

(a) Applicant's right to effective assistance of counsel as guaranteed by the Sixth Amendment . . . was violated as a result of the failure, by both his counsel and the trial court, to inform him of his right to appeal.

(b) Applicant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments . . . was violated when the court refused to allow Applicant to plead guilty to the charges.

(App. at 789-94, ECF No. 7-8 at 3-8.)  On May 11, 2011, the PCR court held an evidentiary hearing at which Rodriguez appeared and testified and was represented by Martin Tomlinson, Esquire and Troy Tessier, Esquire.  By order filed July 27, 2011, the PCR judge denied and dismissed with



prejudice Rodriguez's PCR application, but found that Rodriguez was entitled to a belated direct appeal pursuant to White v. State.[2] (App. at 824-31, ECF No. 7-8 at 38-45.)

In his PCR appeal, Rodriguez was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender with the South Carolina Commission of Indigent Defense, who filed a petition for a writ of certiorari that presented the following issues:

> I. The PCR court properly ruled that petitioner did not voluntarily and intelligently waive his right to a direct appeal in the case.
>
> II. Trial counsel erred in failing to request that the trial judge [] place on the record his reasons for refusing to accept petitioner's negotiated guilty plea per the terms outlined in the agreement reached by the solicitor and the defense in the case.

(ECF No. 7-12 at 3.) In addition, counsel for Rodriguez filed an Anders[3] brief pursuant to White v. State that raised the following issue:

> The trial judge erred in allowing prejudicial character and prior bad act drug testimony into evidence at trial because this was used as an attempt to show the jury that appellant was predisposed to commit drug crimes and therefore probably guilty of the drug crimes for which he was on trial.

(ECF No. 7-13 at 4.) The State filed a return to the petition for a writ of certiorari. (ECF No. 7-15.) By opinion filed August 14, 2013, the South Carolina Supreme Court granted certiorari as to Issue I of Rodriguez's petition (granting Rodriguez belated review of his direct appeal issue), denied

---

[2] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



Rodriguez's petition for a writ of certiorari as to Issue II, and dismissed Rodriguez's appeal after review of the record pursuant to Anders. (Rodriguez v. State, Op. No. 2013-MO-023 (S.C. Aug. 14, 2013), ECF No. 7-16.) The remittitur was issued on August 30, 2013. (ECF No. 7-17.) This action followed.

## FEDERAL HABEAS ISSUE

As previously stated, Rodriguez raises the following issue in his federal petition for a writ of habeas corpus:

> **Ground One:** Applicant was scheduled for jury trial in the General Sessions Court in Greenville, South Carolina. The defense and Asst. Attorney General dilligently worked for a resolution and reached an oral plea agreement which would require Applicant to serve 20 years in prison. The trial judge rejected the plea agreement in chambers and off the record. The trial court did not state any reasons on the record for rejecting the plea agreement and defense counsel did not require the same. Applicant was convicted at trial and sentenced to 45 years prison.

(Pet., ECF No. 1.)[4]

## DISCUSSION

**A.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was

---

[4] The court notes that although Rodriguez's counsel states in his motion to reopen that the issue presented in this Petition states, "Trial counsel failed to require the trial judge place on the record his reasons for refusing to accept Petitioner's negotiated guilty plea per the terms outline in the agreement reached by the Solicitor and the defense," (ECF No. 24 at 4) (errors in original), counsel appears to be reading the wrong section of the Petition. This quote appears in the section of the Petition indicating the grounds presented to the South Carolina Supreme Court on appeal. (ECF No. 1 at 2.) The court has quoted Ground One as presented in the section for the petitioner to list the grounds for his federal Petition. (ECF No. 1 at 5.)



based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here



is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**B.    Ineffective Assistance of Counsel**

This Petition is back before the court to consider a claim that trial counsel was ineffective in failing to request that the trial judge place his reasons for refusing to accept Rodriguez's negotiated plea agreement on the record.[5]  A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see

---

[5] As previously noted by the court, in Rodriguez's response in opposition to summary judgment, counsel for Rodriguez stated that "[a]t the center of the dispute is the *conduct of the court* and whether the *trial judge* acted arbitrarily when he refused to accept the Plaintiff's guilty plea and plea agreement."  (ECF No. 19 at 6) (emphasis added).  The court analyzed that claim in its initial Report and Recommendation issued July 7, 2014.  (ECF No. 21.)  By contrast, Rodriguez's motion to reopen focuses on a claim that *trial counsel* failed to make a record for later review.  (ECF No. 24.)  The court has considered both of Rodriguez's filings in issuing this Supplemental Report and Recommendation on the latter issue.



also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion on the claim now before the court, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when



a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

The testimony from the PCR hearing reveals that shortly before the call of the case on the day that Rodriguez's trial, along with that of two of his co-defendants, was scheduled to start, the prosecutor and the two co-defendants reached plea agreements, which were accepted by the trial judge. Rodriguez's trial counsel continued negotiations with the prosecutor and ultimately "reached an agreement and accepted a plea bargain of 20 years." (App. at 802, ECF No. 7-8 at 16; see also App. at 818, ECF No. 7-8 at 32 (reflecting that when Rodriguez was asked, "Were you willing to plead guilty on the day of your trial in exchange for the plea agreement of 20 years?", Rodriguez responded, "Yes, I guess that was the only way out.")). However, when trial counsel and the prosecutor presented the plea agreement to the trial judge in chambers, the trial judge stated that "he was not going to accept the plea and that he was ready to try a case . . . that week." (App. at 803, ECF No. 7-8 at 17.) Trial counsel affirmed that he did not mention the conversation in chambers on the record or seek a continuance and that the trial judge did not state on the record any reason for refusing to accept the plea deal. (App. at 805, 811, ECF No. 7-8 at 19, 25.) Trial counsel stated that he had driven to Greenville that day to try the case and that he was prepared to litigate this matter. (App. at 806, ECF No. 7-8 at 20.)

The PCR court reasonably found that Rodriguez "failed to meet his burden of proving trial counsel should have objected to the trial judge's refusal to accept the plea recommendation." (App. at 828, ECF No. 7-8 at 42.) The PCR court found that "there was little trial counsel could have done



in this situation." (Id.) The PCR court also observed that "[t]rial counsel testified he had no basis upon which to request a continuance, as the case had been set for trial that day" and noted that "trial counsel's only argument would have been to argue the plea agreement reached with the State should have been honored. While trial counsel stated he could have possibly made this argument under State v. Thrift, 312 S.C. 282, 440 S.E.2d 341 (1994), this court finds Thrift would not have been applicable in this situation."[6] (Id.) The PCR court found that this "is an unusual situation, as it was the trial judge (and not the State) who did not honor the plea agreement. Thus, this Court can distinguish the instant case from a situation where counsel would be ineffective in failing to enforce a plea agreement after the State reneged." (Id.) (citing Davie v. State, 675 S.E.2d 416 (S.C. 2009) & Custodio v. State, 644 S.E.2d 36 (S.C. 2007). Finally, the PCR court reasonably found that Rodriguez "cannot prove prejudice as, by his own admission, he 'wanted a trial because [he] was seeking justice and [he] got it.' "[7] (Id.) (citing App. at 770, ECF No. 7-7 at 84). Thus, the PCR court reasonably concluded that Rodriguez failed to meet either prong of the Strickland test. (App. at 829, ECF No. 7-8 at 43.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Rodriguez cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See

---

[6] The court observes that the Thrift Court explained that generally the judicial branch is not empowered to infringe upon the exercise of the prosecutor's discretion to prosecute. Thrift, 440 S.E.2d at 346-47. However, a trial judge is not required to accept a plea bargain. See Reed v. Becka, 511 S.E.2d 396, 401 (S.C. Ct. App. 1999).

[7] The PCR court further noted that, for the same reasons, Rodriguez failed to prove any violation of his due process rights. (App. at 828 n.4, ECF No. 7-8 at 42.)



Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.

In moving to reopen the record, Rodriguez reasserts his claim that his trial counsel was ineffective in failing to make a record regarding the trial judge's refusal to accept his guilty plea. (ECF No. 24.) Rodriguez argues, without any case law to support his position, that the trial judge "made a ruling with constitutional implications in chambers and off the record."[8] (ECF No. 24 at 3.) Rodriguez summarily argues that because the trial judge's refusal to accept the plea deal was not placed on the record very little is left for the court to review, and that trial counsel's testimony at the PCR hearing reveals that the trial judge's decision was potentially arbitrary. Therefore, Rodriguez argues that trial counsel was clearly deficient.

Further, although Rodriguez does not appear to address his arguments under the Strickland framework, he appears to argue that he was prejudiced by trial counsel's alleged deficiency because the court cannot review whether the trial judge's actions violated his right to due process.

---

[8] To the extent that Rodriguez's arguments are based on the Federal Rules of Criminal Procedure, the court notes that there is no comparable state rule and this matter occurred in state court, not federal court. Moreover, Rodriguez has failed to demonstrate that Federal Rule of Criminal Procedure 11 imposes any constitutional requirements or is otherwise binding on the state courts. See, e.g., Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995) ( "Rule 11 [of the Federal Rules of Criminal Procedure] only sets the standard for federal courts; it does not necessarily establish a constitutional prohibition [on the participation of judges in plea discussions] applicable in state courts."); Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) ("The plea colloquy, provided in Rule 11 of the Federal Rules of Criminal Procedure, constitutes the constitutional minimum requirements for a knowing and voluntary plea for federal courts, but that rule is not binding on state courts."); 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice & Procedure § 171 at 155 (4th ed. 2008) ("State courts need not follow the Rule 11 procedures, although they are bound by the constitutional requirements for a valid waiver and a valid guilty plea.")



Importantly, as stated above, to satisfy the prejudice prong of Strickland Rodriguez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, he must show that had trial counsel made a record regarding the trial judge's refusal to accept his guilty plea, he would have prevailed.

Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Rodriguez has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Moreover, upon careful review of all of Rodriguez's arguments, the court concludes he has failed to demonstrate that he would have prevailed on any due process claim even if he had requested that the trial judge detail on the record his reasons for rejecting the plea agreement. Rodriguez's argument with regard to this prong is pure speculation, which is insufficient. For example, he argues that it is "possible that the court acted arbitrarily" (ECF No. 19 at 5) and that the "decision was potentially arbitrary." (ECF No. 24 at 4.) In addition to the findings by the PCR court, the court observes that the United States Supreme Court has made clear that "a defendant has no right to be offered a plea . . . nor a federal right that the judge accept it." Missouri v. Frye, 132 S. Ct. 1399, 1410 (2012) (citations omitted); see also Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty."); Reed v. Becka, 511 S.E.2d 396, 401, 402 (S.C. Ct. App. 1999) (providing that a defendant "has no constitutional right to plea bargain[,]" nor is a trial judge "required to accept a plea" and stating that "until formal acceptance of the plea by the court has occurred, the plea binds no one, not the defendant, the State, or the court") (internal citation omitted). The Supreme Court warns that, "[i]f no plea offer is made, or a plea deal is accepted by

the defendant but rejected by the judge" there is no basis to allege that counsel was ineffective during the plea negotiation process. Lafler v. Cooper, 132 S. Ct. 1376, 1387 (2012). Therefore, Rodriguez has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable.[9] See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 100.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Rodriguez's Petition for habeas corpus be denied.

April 1, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[9] To the extent that Rodriguez seeks an evidentiary hearing to submit new evidence to support his Petition, the court observes that its review for habeas corpus purposes is generally limited to the evidence that was placed before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2). Rodriguez has not established that any exception to this general rule applies here. See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2). Therefore, such a request should be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).