IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| NICANOR PEREZ RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 0:13-cv-03401-TLW |
| ) | |
| DENNIS BUSH, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**ORDER**

Petitioner Nicanor Perez Rodriguez, a prisoner incarcerated with the South Carolina Department of Corrections, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 5, 2013. (Doc. #1). Petitioner raises the following issue in his petition:

> **GROUND ONE:** Applicant was scheduled for jury trial in the General Sessions Court in Greenville, South Carolina. The defense and Asst. Attorney General dilligently [sic] worked for a resolution and reached an oral plea agreement which would require Applicant to serve 20 years in prison. The trial judge rejected the plea agreement in chambers and off the record. The trial court did not state any reasons on the record for rejecting the plea agreement and defense counsel did not require the same. Applicant was convicted at trial and sentenced to 45 years in prison.

Id. at 5. On January 31, 2014, Respondent filed a return and memorandum and a motion for summary judgment. (Doc. #7, 8). Respondent argued that (1) to the extent Petitioner alleged a due process violation, the claim was procedurally barred because Petitioner failed to raise it before the South Carolina Supreme Court; and (2) Petitioner was not entitled to relief on the merits of his claim, whether it was based on due process or ineffective assistance of counsel. On April 14, 2014, Petitioner filed a response in opposition, in which he stated that "[a]t the center

1

of the dispute is the conduct of the court and whether the trial judge acted arbitrarily when he refused to accept the [Petitioner's] guilty plea and plea agreement." (Doc. #19 at 6).

On July 7, 2014, United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.), filed a Report and Recommendation ("the Report") in which she construed Petitioner's claim as alleging a due process violation, concluded that the due process claim was procedurally barred, and recommended granting Respondent's motion for summary judgment. (Doc. #21). On July 30, 2014, this Court entered an Order accepting the Report and granting Respondent's motion for summary judgment. (Doc. #22). The Court noted that to the extent Petitioner's due process claim was not defaulted, no relief was appropriate on the merits of the claim. Id. at 2.

On August 28, 2014, Petitioner filed a motion to reopen the record and allow objections. (Doc. #24). In his motion, Petitioner asserted that the Magistrate Judge misconstrued his claim as alleging a due process violation, stating that his "request for relief is wholly based upon his trial lawyer's failure to make a record regarding the trial judge's refusal to accept his guilty plea and therefore, ineffective assistance of counsel." Id. at 1. The Court entered an Order granting the motion to reopen the record on November 14, 2014, and remanded the case to the Magistrate Judge for consideration of Petitioner's ineffective assistance of counsel claim. (Doc. #30).

This matter is now before the Court for review of the Supplemental Report and Recommendation ("the Supplemental Report") prepared by the Magistrate Judge. (Doc. #35). In the Supplemental Report, the Magistrate Judge concludes that Petitioner is not entitled to relief on his ineffective assistance of counsel claim and thus recommends that this Court deny

the instant petition.  Id.  Petitioner filed his objections on April 15, 2015 (Doc. #36),[1] and this matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the Supplemental Report, and Petitioner's objections thereto in accordance with the standard announced in Wallace, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law.  Accordingly, it is hereby **ORDERED** that the Supplemental Report and Recommendation is **ACCEPTED** (Doc. #35), and Petitioner's objections are **OVERRULED** (Doc. #36).  The Court additionally **AFFIRMS** its previous Order adopting the Report and granting Respondent's motion for summary judgment.  (Doc. #22).  For the reasons articulated by the Magistrate Judge, Petitioner is not entitled to relief on his ineffective assistance of counsel or due process claim, and the petition is **DENIED**.  (Doc. #1).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing

---

[1] Petitioner's objections pertain to both the Report and the Supplemental Report, and the Court has considered them accordingly.

3

Section 2254 Proceedings and concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

April 20, 2015
Columbia, South Carolina

4